IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| PEOPLES BANK & TRUST,  <br><br>Plaintiff,  <br><br>v.  <br><br>GREATER NEVADA CREDIT UNION,  <br><br>Defendants. | ) <br>) <br>) <br>) <br>) <br>) Case No. 24-cv-3266 <br>) <br>) <br>) <br>) <br>) <br>) |

OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before this Court is the Motion to Dismiss for Failure to State a Claim, or, in the Alternative, to Compel Arbitration and Stay this Action filed by Defendant Greater Nevada Credit Union ("GNCU"). (Doc. 8).

I.   **FACTUAL BACKGROUND**

On July 29, 2022, GNCU agreed to loan $25,000,000.00 to AppHarvest Pulaski Farm, LLC ("AppHarvest"). (Doc 1 at ¶6). The loan was secured AppHarvest's Somerset, Kentucky business operations (the "Somerset Assets"). (*Id.* at ¶9). On November 21, 2022, Peoples Bank & Trust ("Peoples Bank") purchased a participation in the loan for the sum of $1,125,000.00. (*Id.* at ¶11). The parties agreed to a Participation Agreement, which requires GNCU to remit to Peoples Bank the pro rata portion of the loan upon payment of the principal, interest, fees, or "any proceeds from a collection action in connection

with a Loan." (Doc. 1, Ex. B at 7).[1] The Participation Agreement also includes an arbitration provision, which provides "arbitration shall be the sole means of resolving any controversies between the parties under this Agreement." (*Id.* at 13). However, the Participation Agreement does not require arbitration when, *inter alia*, the party is seeking to obtain specific performance to enforce the Agreement. (*Id.* at 13).

On July 23, 2023, AppHarvest filed a Chapter 11 petition in the United States Bankruptcy Court for the Southern District of Texas. (*Id.* at ¶13). During that case, AppHarvest conducted an auction sale of the Somerset Assets, pursuant to Section 363 of the United States Bankruptcy Code. (*Id.* at ¶¶15-17). Bosch Berries Kentucy Operations Corp. ("Bosch Berries") successfully bid for the Somerset Assets and, in consideration, Bosch assumed AppHarvest's liability for the loan. (*Id.* at ¶¶17-18). The Asset Purchase Agreement between AppHarvest and Bosch Berries defines the "Purchase Price" as the assumption of indebtedness to GNCU, with no other payment or proceeds to be paid by Bosch Berries to AppHarvest or to GNCU:

> (a) At the Closing, upon the terms and subject to the conditions set forth herein, in full consideration for the sale, transfer, conveyance, assignment and delivery of the Transferred Assets to Purchaser, Purchaser shall enter into the Amended and Assigned GNCU Loan Documentation, the principal amount of which together with the amount disbursed by GNCU to satisfy its obligations under the GNCU Letter will constitute the purchase price (the "Purchase Price").

(Doc 1, Ex. D at 29).

---

[1] When evaluating a motion to dismiss, a court may consider, in addition to the allegations set forth in the Complaint itself, documents that are attached to the complaint. *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). Therefore, this Court will consider all exhibits attached to Peoples' Complaint.

On September 6, 2023, the Bankruptcy Court approved the sale. (Doc. 1 at ¶19). The Court's Order specified, "[e]xcept for the Assumed Liabilities, as expressly set forth in the Somerset APA or this Sale Order, the Somerset Purchaser has not expressly or impliedly assumed any obligation of the Debtors." (Doc. 1, Ex. E at 14). The Order also explains, "There is no continuity between the Somerset Purchaser and any of the Debtors." (*Id.*). On September 14, 2023, the Bankruptcy Court confirmed AppHarvest's Chapter 11 Amended Joint Plan of Liquidation, which did not change the terms or effect of the Asset Purchase Agreement. (Doc. 1 at ¶22; Ex. F at 31; Ex. G).

## II.   PROCEDURAL BACKGROUND

On September 25, 2024, Peoples filed a Complaint against GNCU alleging breach of contract arising out of the Participation Agreement. (Doc. 1). Peoples Bank alleges the loan was satisfied in its entirety when Bosch Berries purchased the Somerset Assets and assumed the loan. (*Id.* at ¶24). As a result, Peoples Bank contends the loan is no longer in existence and GNCU breached the Agreement when it failed to pay Peoples Bank its pro rata participant distribution pursuant to the Agreement. (*Id.* at ¶ 36). Peoples Bank seeks damages in the amount of over $1,300,000.00, which includes the principal and interest through September 23, 2024. (*Id.* at ¶37).

## III.   DISCUSSION

### A. Legal Standard

Section 4 of the Federal Arbitration Act ("FAA") permits "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration [to] petition any United States district court . . . for an order directing that

...

such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. A court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. Arbitration agreements generally "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Arbitration agreements must be treated like other contracts and are rigorously enforced according to their terms. *Johnson v. Mitek Sys. Inc.*, 55 F.4th 1122, 1124 (7th Cir. 2022); *Wallace v. Grubhub Holdings, Inc.*, 970 F.3d 798, 800 (7th Cir. 2020). Therefore, a motion to compel arbitration should be granted when there is "a written agreement to arbitrate, a dispute within the scope of the arbitration agreement, and a refusal to arbitrate." *Zurich Am. Ins. Co. v. Watts Industries, Inc.*, 417 F.3d 682, 687 (7th Cir. 2005). If the arbitration clause applies, the case must be stayed pending arbitration. *Smith v. Spizzirri*, 601 U.S. 472, 474 (2024).

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Christensen v. Cnty. of Boone, Ill.*, 483 F.3d 454, 458 (7th Cir. 2007). When considering a motion to dismiss under Rule 12(b)(6), the court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true, and construing all reasonable inferences in plaintiff's favor. *Christensen*, 483 F.3d at 458. To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing he is entitled to relief and giving defendants fair notice of the claims. *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).

B. Analysis

GNCU contends Bosch Berries' assumption of the loan does not equate to the termination or satisfaction of the loan, and the remittance provision was not triggered by the sale because the Participation Agreement requires actual payment to trigger remittance. In the alternative, GNCU asks this Court to compel arbitration. Peoples Bank argues that the remittance provision was triggered because Bosch Berries' assumption of the loan constitutes a "proceed." Additionally, the arbitration provision does not apply because the dispute does not arise under the Participation Agreement. Alternatively, People Bank argues that this action constitutes a request for specific performance, which is not subject to the arbitration agreement.

"By its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985); *see also Smith*, 601 U.S. at 477 (emphasizing that the mandatory language in the FAA "overrides any discretion a district court might otherwise have had to dismiss a suit when the parties have agreed to arbitration"). Additionally, the Supreme Court recently emphasized that unless the parties dispute the validity of the arbitration clause itself, "the issue of the contract's validity is considered by the arbitrator in the first instance." *Coinbase, Inc. v. Suski*, 602 U.S. 143, 149 (2024). "A court has no business weighing the merits of the grievance because the agreement is to submit all grievances to arbitration, not merely those which the court will deem meritorious." *Henry Schien, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 68-69 (2019), *citing*

*AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011) (internal quotations omitted). As a result, it may be more appropriate for an arbitrator to evaluate the merits of the issues raised in GNCU's Motion to Dismiss. Therefore, the Court will address the issue of whether arbitration is required first.

In this case, the Participation Agreement contains an arbitration clause, which states, in relevant part, that "[GNCU] and [Peoples] agree that arbitration shall be the sole means of resolving any controversies between the Parties under this Agreement." (Doc. 1, Ex. B at 13). Additionally, Peoples has refused to arbitrate, as evidenced by its response to GNCU's Motion. Therefore, GNCU has established two of the required elements necessary for granting the motion. *Zurich Am. Ins. Co.*, 417 F.3d at 687. The Court's inquiry will focus on whether the instant dispute is within the scope of the arbitration agreement.

"The 'principal purpose' of the FAA is to 'ensure that private arbitration agreements are enforced according to their terms.'" *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011), *quoting Volt Info. Sci., Inc. v. Bd. of Tr. of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989) (alterations accepted). As such, "a Court may order arbitration of a particular dispute only where the court is satisfied that the parties agreed to arbitrate *that dispute*." *Granite Rock Co. v. Int'l Broth. of Teamsters*, 561 U.S. 287, 297 (2010) (emphasis in original). To determine whether the parties agreed to arbitrate their claims, courts look at the intent of the parties at the time the contract was executed. *Am. United Logistics, Inc. v. Catellus Dev. Corp.*, 319 F.3d 921, 929 (7th Cir. 2003). To that end, "the court must resolve any issue that calls into question the formation or applicability of the specific arbitration clause that a party seeks to have the court enforce." *Granite Rock Co.*, 561 U.S. at 297.

Peoples Bank argues that the dispute at issue does not arise under the Participation Agreement, but instead "arises in the context of GNCU's posture in the Borrower's bankruptcy case." However, the breach of contract dispute at issue necessarily involves interpretation of several provisions within the Participation Agreement—including material terms in the remittance clause. Disputes about contractual interpretation certainly fall within the scope of the arbitration agreement. *See United Steel, Paper & Forestry, Rubber, Mfg., Energy Allied Indus. & Serv. Workers Int'l Union v. Trimas Corp.*, 531 F.3d 531, 537 (7th Cir. 2008) (noting that the meaning of the terms in an agreement is an arbitrable issue). Although the bankruptcy case is relevant to the dispute, Peoples Bank's claim against GNCU ultimately arises under the Participation Agreement.

Peoples Bank also argues the arbitration clause is not applicable to the instant action under the carveout provision that allows suits for specific performance. Under the FAA, parties are permitted to limit the issues subject to arbitration. *AT&T Mobility LLC*, 563 U.S. at 344. Here, the parties did so by agreeing that arbitration is not required when the party is seeking to obtain specific performance to enforce the Participation Agreement. Peoples Bank contends that the instant claim falls under this provision because it is seeking the specific performance of the remittance provision of the Agreement.

The interpretation of the terms in an arbitration agreement is generally a matter of state law. *See Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 681 (2010), *citing*

*Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 630-31 (2009). Under Nevada[2] law, specific performance compels a defendant's future performance under the contract. *Cain v. Price*, 415 P.3d 25, 30 (Nev. 2018). In contrast, a court may order damages for a breach of contract, which would "award[ ] the non-breaching party a monetary award sufficient to place that party in the position it expected to find itself had all the parties honored the contract." *Id.*

In this case, Peoples Bank is requesting a monetary award for the alleged breach of contract, in an amount which would have place it in the position it would have found itself were it not for the alleged breach. Specifically, it requests "the amount of $1,340,847.18 plus additional interest accruing from and after September 23, 2024 at the rate of $215.2777 per day, and plus Peoples' costs, expenses, and attorney fees incurred in connection with pursuing this action." (Doc. 1 at ¶¶37-39). This falls squarely within the definition of Nevada's definition of monetary damages, and not specific performance. *See Cain*, 415 P.3d at 30. As a result, the carveout for specific performance does not apply.

Based on the foregoing reasons, the Court finds the parties agreed to arbitrate this dispute based on the arbitration clause in the Participation Agreement. Because all the elements required to compel arbitration have been established, this Court grants GNCU's

---

[2] In a breach of contract claim, the Court generally defers to the contractual choice-of-law provision to identify the governing standards. *See Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 356 (7th Cir. 2015) ("Under Illinois choice-of-law rules, which we apply as a federal court sitting in diversity, a court must honor a contractual choice of law unless the parties' choice of law would both violate fundamental Illinois public policy and Illinois has a materially greater interest in the litigation than the chosen state."). The parties agreed that "[e]xcept to the extent that [the Participation Agreement] is governed by federal law, this Agreement and any other agreements of the Originator with the Participant are governed by and construed under the laws of the State of Nevada." (Doc. 1, Ex. B at 14).

Motion to Compel Arbitration and will stay this action. The Court makes no ruling on the remainder of GNCU's Motion to Dismiss.

IV. **CONCLUSION**

Accordingly, GNCU's Motion to Dismiss for Failure to State a Claim, or, in the Alternative, to Compel Arbitration and Stay this Action (Doc. 8) is GRANTED in part. The parties are directed to file a status report with the Court within 14 days of the resolution of arbitration.

ENTER: September 19, 2025

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE